# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LINDA PHILLIPS,**

    **Plaintiff/Counter-Defendant,**

**v.**                                            **Case No.  6:04-cv-946-Orl-18KRS**

**GENERAL AMERICAN LIFE**
**INSURANCE COMPANY,**

    **Defendant/Counter-Claimant,**

**v.**

**LINDA PHILLIPS, KATHLEEN**
**GIAMMARIA, CUTLER-O'NEILL**
**MEYER WOODRING FUNERAL HOMES**
**& CREMATORY,**

    **Counter-Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT, GENERAL AMERICAN LIFE INSURANCE COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST COUNTER DEFENDANT KATHLEEN GIAMMARIA (Doc. No. 47)**
>
> **FILED:**    **June 21, 2005**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Defendant/Counterclaimant General American Life Insurance Company (GALIC) is not entitled to entry of a default judgment merely because a default has been entered against

Counterdefendant Kathleen Giammaria. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, GALIC must establish that the factual allegations in its Counterclaim (doc. no.13) are sufficient, under governing law, to establish that Giammaria is liable for the alleged violations and that GALIC is entitled to the relief requested. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

To satisfy this burden, GALIC must support the motion for entry of a default judgment with a legal memorandum containing supporting authority that the facts pleaded in its Counterclaim (but not the conclusions of law contained therein) are sufficient to establish each element of each claim against Giammaria. *See, e.g., Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1481 (N.D. Ga. 1997). In addition, if GALIC is seeking an award for costs and reasonable attorney's fees against Giammaria, it must provide evidence to support an award of damages. "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).

The deadline for submission of a renewed motion is July 5, 2005.

**DONE** and **ORDERED** in Orlando, Florida on June 23, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties